CAMPBELL, Acting Chief Judge.
Appellant, Charlie Green, Clerk of the Lee County Circuit Court, challenges the summary judgment entered in favor of appellee, Richard Greider, doing business as Realty Inn, finding certain condominium rentals by appellee not subject to the tourist development taxes assessed against the rentals pursuant to section 125.0104, Florida Statutes (1991). We affirm.
Section 125.0104(3)(a) authorizes any county in this state to levy a tourist development tax on leases of certain described living quarters or accommodations “for a term of 6 months or less.... ” Lee County exercised its option to impose such a tax. Appellee thereafter leased condominium units for periods of six months and one day. Appellant argues that, in effect, those leases were for shorter terms than six months and one day because the lessees paid the same rent they would have paid for shorter rental terms and did not occupy or intend to occupy the units for the full lease term. We conclude that those circumstances do not render the lease of those units subject to the tax.
There is no assertion that the lessees did not retain full rights to the rental units for the entire lease period, even though they utilized the property for shorter periods of time. Neither is there any allegation that the six months and one day leases were involved in lease-back or sublease provisions that allowed the lessors to lease the property for the same periods of time to multiple lessees. Section 125.0104(3)(a), by its plain language, does not impose a tax on leases for more than six months. The statute instead imposes the tax only on leases for less than six months. Since all of appellee’s leases were in excess of six months, they are not subject to the tax.
Affirmed.
SCHOONOVER and BLUE, JJ., concur.